UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DERRELL C. B.,

               Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

CASE NO. 3:22-cv-05390-JRC

ORDER ON PLAINTIFF'S
COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 11–15.

Plaintiff is a 50-year-old man with prior employment as a forklift operator who stopped working due to back pain, shoulder pain, ongoing problems with his right hand, troubles with his memory, focusing, and concentrating, and anxiety. The Administrative Law Judge ("ALJ") found that plaintiff is not disabled because he has the residual functional capacity ("RFC") to perform less than the full range of sedentary work.

In finding plaintiff not disabled, the ALJ rejected plaintiff's symptom testimony. The Commissioner concedes the ALJ erred in evaluating plaintiff's testimony, but contends that the Court should remand the case for further proceedings. However, if plaintiff's testimony is credited as true, as the Court is compelled to do under existing precedent, then the ALJ would be required to find plaintiff disabled on remand. Accordingly, for the reasons discussed below, the Court remands for an award of benefits.

**PROCEDURAL HISTORY**

Plaintiff protectively filed his applications for disability insurance benefits ("DIB") and supplementary security income ("SSI") on August 13, 2019 alleging a disability onset date of April 1, 2016, pursuant to 42 U.S.C. § 423 (Title II) and Title XVI of the Social Security Act; his applications were denied initially and following reconsideration. *See* Administrative Record ("AR") 66, 84, 100, 102, 117, 119, 133, 152, 159, 163, 166, 170. Plaintiff's requested hearing was held before Administrative Law Judge Richard Hlaudy ("the ALJ") on May 5, 2021. AR 36–63. On June 16, 2021, the ALJ issued a written decision in which the ALJ concluded plaintiff was not disabled pursuant to the Social Security Act. AR 12–35. The Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR 1–6; *see* 20 C.F.R. § 404.981. On June 3, 2022, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's June 2021 written decision. *See* Dkt. 5. Defendant filed the sealed administrative record regarding this matter on September 16, 2022. *See* Dkt. 9.

**BACKGROUND**

Plaintiff was born in 1972 and was 44 years old on the alleged date of disability onset of April 1, 2016. *See* AR 27, 66, 84, 102, 119. Plaintiff has at least a high school education and

previously worked as a forklift operator, but stopped working because of back pain, shoulder pain, ongoing problems with his right hand, troubles with his memory, focusing, and concentrating, and anxiety. AR 43–47, 53–54.

According to the ALJ, plaintiff has at least the severe impairments of seizure disorder; lumbar and cervical degenerative disc disease, status post fusion C5 to C7; carpal tunnel syndrome; right epicondylitis; right biceps rupture; right shoulder impingement syndrome, status post SLAP repair on the right, left thumb degenerative joint disease; and anxiety. AR 18.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) whether the ALJ properly evaluated his symptom testimony, (2) whether the ALJ properly evaluated plaintiff's RFC, (3) and whether the ALJ erred at step five, because the jobs the ALJ determined he could perform no longer exist in significant numbers in the national economy. *See* Dkt. 11, p. 1. Plaintiff requests that based on these errors, this Court remand for an award of benefits. *See id.*, pp. 13–14.

The Commissioner concedes the ALJ erred in evaluating plaintiff's symptom testimony and assessing plaintiff's RFC, but argues remanding for further proceedings is the appropriate remedy because it remains unclear at step five what jobs, available in "significant numbers" in the national economy, plaintiff is able to perform. *See* Dkt. 14, pp. 3–5. Thus, the only issue

1    remaining for the Court to consider is whether the appropriate remedy is to remand for an award

2    of benefits or for further proceedings.

3            "The decision whether to remand a case for additional evidence, or simply to award

4    benefits[,] is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.

5    1987). The Ninth Circuit has developed a three-step analysis for determining when to remand for

6    a direct award of benefits. Such remand is generally proper only where:

7            (1) the record has been fully developed and further administrative proceedings
             would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient
8            reasons for rejecting evidence, whether claimant testimony or medical opinion; and
             (3) if the improperly discredited evidence were credited as true, the ALJ would be
9            required to find the claimant disabled on remand.

10   *Trevizo v. Berryhill*, 871 F.3d 664, 682–83 (9th Cir. 2017) (quoting *Garrison*, 759 F.3d at 1020).

11   "Where there is conflicting evidence, and not all essential factual issues have been resolved, a

12   remand for an award of benefits is inappropriate." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775

13   F.3d 1090, 1099 (9th Cir. 2014). But "[w]here there are no outstanding issues that must be

14   resolved before a determination of disability can be made … and 'it is clear from the record that

15   the ALJ would be required to find [the claimant] disabled' were such [improperly rejected]

16   evidence credited," the Court has discretion to remand for benefits. *Id.* at 1106 (quoting *Moisa v.*

17   *Barnhart*, 367 F.3d 882, 887 (9th Cir. 2014)).

18           Both the second and third elements of the credit-as-true analysis have been met here.

19   Plaintiff testified that he needs to take a half hour break every 15 minutes, and the Commissioner

20   has conceded that the ALJ erred by failing to explain why plaintiff's testimony was inconsistent

21   with the evidence, satisfying the second element. *See* Dkt. 14, pp. 3–5; AR 52. As to the third

22   element, the vocational expert ("VE") testified that an individual who is off task for 15 percent

23   or more during a workday would be precluded from work; therefore, if plaintiff's testimony that

24

1   he needs to take a half hour break every 15 minutes is credited as true, the ALJ would have to

2   find him disabled on remand. *See* AR 61. The issue the Court must address, therefore, is whether

3   the first element has also been satisfied. The Commissioner contends it has not, but fails to show

4   that further administrative proceedings would serve a useful purpose. *See* Dkt. 14, pp. 3–5.

5          The Commissioner does not show that there are any conflicting evidence or unresolved

6   factual issues regarding the improperly discredited evidence, that is plaintiff's testimony that he

7   needs to take a half hour break every 15 minutes. *See Treichler*, 75 F.3d 1090 at 1099; AR 52.

8   The Commissioner also does not challenge the VE's testimony that an individual who is off task

9   for 15 percent or more during a workday would be precluded from work. *See* Dkt. 14, pp. 3–5;

10  AR 58–59; *Moisa*, 367 F.3d at 887. Instead, the Commissioner's sole argument for remanding

11  for further proceedings focuses on the ALJ's findings at step five. *See id*.

12         The Commissioner's focus on step five, instead of plaintiff's testimony, seems to be due

13  to the Commissioner's belief that plaintiff had only requested a remand for an award of benefits

14  based on the ALJ's step five findings alone. *See* Dkt. 14, pp. 3–4 ("Plaintiff seemingly concedes

15  that [the ALJ's error in evaluating plaintiff's testimony and assessing plaintiff's RFC] necessitate

16  remand for further proceedings, rather than an outright payment of benefits."). But the remedy

17  plaintiff had primarily requested was for "the ALJ's decision to be vacated and this matter

18  remanded for an award of benefits." *See* Dkt. 11, pp. 13–14. Remanding for further

19  administrative proceedings was plaintiff's alternative request. *See id*. From the Court's

20  perspective, plaintiff had requested to remand for an award of benefits based on *any* of the ALJ's

21  errors, most importantly the ALJ's improper evaluation of plaintiff's testimony that he needs to

22  take a half hour break every 15 minutes. *See id*. Therefore, under the credit-as-true analysis, in

23  order for the Court to remand for further proceedings, rather than for an award of benefits, the

24

1    Commissioner needed to show there are conflicting evidence or unresolved issues regarding this

2    testimony. *See Treichler*, 775 F.3d at 1099. The Commissioner has not shown that there are,

3    therefore remanding for further proceedings is not the appropriate remedy.

4        Moreover, remanding for further proceedings is not appropriate if the remand would

5    serve no better purpose than to allow the Commissioner a "mulligan."  *See Moisa* , 367 F.3d at

6    887 ("The Commissioner, having lost this appeal, should not have another opportunity to show

7    that [plaintiff] is not credible any more than [plaintiff], had he lost, should have an opportunity

8    for remand and further proceedings to establish his credibility."); *Benecke v. Barnhart*, 379 F.3d

9    587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an

10   unfair "heads we win; tails, let's play again" system of disability benefits adjudication."). The

11   ALJ, as conceded by the Commissioner, erred in evaluating plaintiff's testimony. The Court

12   "will not remand for further proceedings where, taking the claimant's testimony as true, the ALJ

13   would clearly be required to award benefits." *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1041

14   (9th Cir. 2007). Accordingly, the Court rejects the Commissioner's request for further

15   proceedings and instead remands this case for an award of benefits.

16                                   <u>CONCLUSION</u>

17       Based on these reasons and the relevant record, the Court **ORDERS** that this matter be

18   **REVERSED** and **REMANDED** for the calculation and award of benefits, pursuant sentence

19   four of 42 U.S.C. § 405(g).  Judgment is for plaintiff, and the case is closed.

20       Dated this 5th day of January, 2023.

21

22

23                                   J. Richard Creatura
                                     Chief United States Magistrate Judge

24